**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---

In re:

Ronald A Reggio
Catherine H Reggio

                      Debtors

**APPLICATION**

**CASE #: 1-16-45559-cec**
**CHAPTER 7**

---

### AFFIRMATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE

To:    Honorable Carla E. Craig
        U.S. Bankruptcy Judge

    I, Aleksandra K. Fugate, an attorney duly admitted to practice law in this court, affirms the following to be true, under penalties of perjury:

    1.    I am an associate of Woods Oviatt Gilman, LLP, attorneys for U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2005-5, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2005-5 ("Secured Creditor"). I am fully familiar with the facts of this case and submit this affirmation in support of the Secured Creditor's request for an order terminating the automatic stay as it pertains to the premises located at 2135 Coleman Street, Brooklyn, NY 11234- n/k/a 2135 Coleman Street, Brooklyn, NY 11234-5035 (the "Subject Property") pursuant to Section 362(d) of the United States Bankruptcy Code.

    2.    Secured Creditor is the holder of a Consolidated Note executed by Ronald Reggio in the consolidated amount of $359,650.00 ("Note"), Ronald Reggio and Catherine H Reggio ("Debtors") executed a mortgage in the amount of $348,000.00, which was recorded in the Office of the City Register of the City of New York on December 3, 2003 at

CRFN 2003000484623 ("Mortgage") covering the Subject Property. Said Mortgage was ~~assigned by an Assignment of Mortgage executed on October 8, 2003 and recorded in the~~ Office of the City Register of the City of New York on December 2, 2004 at CRFN 2004000746585; Said Mortgage was assigned by an Assignment of Mortgage executed on January 14, 2005 and recorded in the Office of the City Register of the City of New York on March 10, 2005 at CRFN 2005000142443. Debtors executed a mortgage in the amount of $15,328.10, which was recorded in the Office of the City Register of the City of New York on March 10, 2005 at CRFN 2005000142444. Consolidation, Extension and Modification Agreement from Debtors dated February 11, 2005 and recorded in the Office of the City Register of the City of New York on March 10, 2005 at CRFN 2005000142445. Said Agreement consolidated Mortgage at CRFN 2003000484623 with the Mortgage at CRFN 2005000142444 to form a single lien in the amount of $359,650.00. Said Mortgage was assigned to Secured Creditor by an Assignment of Mortgage executed on February 9, 2012 and recorded in Office of the City Register of the City of New York on March 9, 2012 at CRFN 2012000096465. Said mortgage was modified by a Home Affordable Modification Agreement dated June 10, 2015 executed by Debtors and recorded in Office of the City Register of the City of New York on August 19, 2015 at CRFN 2015000288904. Said Modification Agreement increases the principal balance of the debt to $451,739.22. The capitalized amount is $92,126.20. A copy of the Consolidated Note, Recorded Mortgages, Assignment of Mortgages, Consolidation, Extension and Modification Agreement, and Home Affordable Modification Agreement are annexed hereto as Exhibit "A".

      3.      On December 8, 2016 Debtors filed a Petition under Chapter 7 of Title 11 U.S.C. §101 et seq. with this Court and an Order for Relief was duly entered.

4.      The Note and Mortgage provide that the Debtors will be in default if the Debtors do not make full payments on each due date.

5.      As of January 3, 2017 the Debtors have failed to pay the last 6 contractual payments; 3 contractual payments due August 1, 2016 through October 1, 2016 each in the amount of $2,483.75, 3 contractual payments due November 1, 2016 through January 1, 2017 each in the amount of $2,343.22, and have not cured said default

6.      Relief from Stay - Real Estate and Cooperative Apartments Worksheet] is attached hereto as Exhibit "B".

7.      As of January 3, 2017, there is an unpaid principal balance owed on the Note and Mortgage in the sum of $446,306.42, with interest thereon in the amount of $7,655.24, plus late charges in the amount of $136.63, plus escrow advances in the amount of $3,362.43, minus suspense balance in the amount of $34.33 for an estimated amount owing the Secured Creditor in the amount of $457,426.39.  Interest on the unpaid balance will continue to accrue, and to protect its secured interest in the Subject Property, Secured Creditor may be required to make further advances for property taxes, insurance, and related matters.

8.      On December 8, 2016, the Debtors filed Schedule A/B: Property. The Schedule A/B: Property estimates the fair market value of the Subject Property to be $562,000.00.    Consequently, the estimated cost of sale of the Subject Property is $56,200.00. Additionally, Debtors have listed on their Schedule D: Creditor Who have Claims Secured by Property, NYC Register's Office as secured creditor with a claim in the amount of $45,464.00 and $52,052.00, which would result in no equity. A copy of Schedule A/B: Property is annexed hereto as Exhibit "C" and a copy of Schedule D: Creditor Who

have Claims Secured by Property is annexed hereto as Exhibit "D".

9.    Section 362(1) of the Bankruptcy Code Provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property...." As set forth above, cause exists to vacate the automatic stay as the Debtors have failed to make monthly mortgage contractual payments to the Secured Creditor and there exists no equity in the Subject Property.

10.    Secured Creditor will account to the trustee for any surplus received as a result of its foreclosure of the Subject Property.

11.    Secured Creditor respectfully requests that the automatic stay be vacated, that the Court permit the trustee to abandon the Subject Property.

12.    A copy of the proposed Order granting relief is annexed hereto as Exhibit "E".

13.    No prior application has been made for the relief requested herein.

**WHEREFORE,** Secured Creditor respectfully requests that this Court enter an Order lifting and vacating the automatic stay to permit Secured Creditor to foreclose its Mortgage on the Subject Property and further relief as the Court deems just and proper.

DATED:        January 20, 2017
              Rochester, New York

                                            _____
                                            WOODS OVIATT GILMAN LLP
                                            Aleksandra K. Fugate, Esq.
                                            Attorneys for Secured Creditor
                                            700 Crossroads Building
                                            2 State Street
                                            Rochester, New York 14614
                                            Telephone: 585-445-2763

{4744303:2 }